**UNITED STATES of America, Appellee,**

v.

**Eugene BRITTON, Appellant.**

**No. 93–2244.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Nov. 17, 1993.

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Daniel T. Moore, Poplar Bluff, MO, argued, for appellant.

Michael A. Price, Asst. U.S. Atty., Cape Girardeau, MO, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Eugene Britton appeals his jury conviction for bank fraud under 18 U.S.C. § 1344(a) (1988). Viewing the evidence in the light most favorable to the jury's verdict, *United States v. Barnhart*, 979 F.2d 647, 650 (8th Cir.1992), the Government established the following facts. Britton purchased a 16–foot utility trailer from a trailer manufacturer for $1100, using funds from a company owned by Darlene Stratton, Britton's sister-in-law. Britton then transferred the trailer's title to Stratton. To pay for the trailer, Stratton applied for a loan from a federally insured bank, pledging the trailer as collateral. Stratton misrepresented to the bank that she purchased the trailer from Britton for $25,-000. Britton obtained appraisals of 40–foot trailers, valued at about $25,000, and Stratton delivered the appraisals to the bank. After glancing at an appraisal of a 40–foot trailer, a bank official loaned Stratton $25,-000, taking a security interest in the 16–foot trailer. On the same day, Stratton paid off a $19,700 loan Britton had with the bank.

When Stratton defaulted on the loan a short time later, the bank attempted to find the trailer. Britton concealed the trailer's location and transferred the trailer without its serial number.

Britton contends the evidence is not sufficient to support his conviction. We disagree. To establish bank fraud under § 1344(a), the Government needed to prove Britton knowingly executed a scheme to defraud a federally insured bank. *See* 18 U.S.C. § 1344(a)(1); *Barnhart*, 979 F.2d at 650 (government must show that scheme to defraud existed). Contrary to Britton's view, the Government did not have to show Britton made false representations. *See United States v. Schwartz*, 899 F.2d 243, 246 (3d Cir.) (distinguishing §§ 1344(a)(1) and 1344(a)(2)), *cert. denied*, 498 U.S. 901, 111 S.Ct. 259, 112 L.Ed.2d 217 (1990). The Government also did not have to show Britton personally benefitted from the scheme or the bank was actually defrauded. *See United States v. Goldblatt*, 813 F.2d 619, 624 (3d Cir.1987). A scheme violates § 1344(a) if the scheme is "a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community. The bank fraud statute condemns schemes designed to deceive in order to obtain something of value." *Id.*

Construing all reasonable inferences in the Government's favor, *Barnhart*, 979 F.2d at 650, a reasonable jury could find that Britton was the straw man between Stratton and the trailer manufacturer, enabling Stratton to misrepresent the trailer's purchase price to the bank; that Britton furthered the ruse by securing appraisals of $25,000 trailers for the bank; and finally, that Britton concealed the trailer to prevent discovery of the scheme. Thus, it was reasonable for the jury to find beyond a reasonable doubt that Britton knowingly participated in a scheme to defraud the bank. *See United States v. Karunatileka*, 820 F.2d 961, 966 (8th Cir.1987) (scheme to defraud may be inferred from circumstantial evidence).

Accordingly, we affirm.